IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CORPORATE LODGING CONSULTANTS, INC.,** : :  : **CIVIL ACTION NO. 22-726** | |
| **v.** : : | |
| **DEANGELO BROTHERS, INC.,** *et al.* : | |

**McHUGH, J.**                                                                                                         **May 17, 2022**

**MEMORANDUM**

    Plaintiff Corporate Lodging Consultants, having obtained an entry of default by the Clerk of the Court, now moves the Court for default judgment pursuant to Rule 55(b) against Defendants DeAngelo Brothers Inc. and DeAngelo Brothers LLC for their failure to appear or answer the Complaint despite having been served over two months ago. Based on Plaintiff's submissions, I conclude that they have adequately alleged a breach of contract claim against the Defendants, that they have served Defendants in accordance with the Federal Rules of Civil Procedure, that judgment by default is appropriate here, and that they have shown sufficient evidence to support their requested damages. I will therefore grant the motion.

**I.**     **Background**

    Plaintiff Corporate Lodging Consultants ("CLC") offers travel-related services that involves acting as an intermediary between their business clients and travel vendors such as hotels. Compl. ¶¶ 2-3, ECF 1. Defendant DeAngelo Brothers Inc., which provides transportation infrastructure services, originally contracted with CLC in 2002 to purchase such services. Compl. ¶ 13. The relationship continued over the next two decades and was updated with two addenda to the original agreement in 2011 and 2017. Compl. ¶ 13. The original contract and the first addendum were signed by an agent of DeAngelo Brothers Inc. and the second addendum was

signed by an agent of DeAngelo Brothers LLC.  *See* Agreements, Ex. 1 to Compl.  According to the records of the Pennsylvania Secretary of State, the incorporated form of the business merged with the limited liability company form in approximately 2014, and it has remained a going concern as an LLC to the present.  Compl. ¶¶ 7-8.  Between 2002 and 2021, the parties had a productive business relationship wherein CLC provided the contracted-for services and DeAngelo Brothers paid for those services.  Compl. ¶¶ 19-21.  Starting in August 2021, however, DeAngelo Brothers stopped paying its invoices and, over the next five months, incurred $810,903.52 in charges under the contract.  Compl. ¶¶ 22, 24.

Plaintiff filed this action on February 25, 2022.  ECF 1.  On March 17, 2022, Plaintiff effected personal service on Defendants at their headquarters in Hazelton, PA.  ECF 5, 6, 9, 10.  By March 21, 2022, Plaintiff also served known Delaware-based members of the LLC via United States Certified Mail, pursuant to Rule 4(h)(1)(A) permitted service by local rules.  *See* Ex. 1 to ECF 7.  On April 15, 2022, over twenty-one days after service, the Clerk entered a default at Plaintiff's request.  ECF 7.  Plaintiff now seeks judgment pursuant to Rule 55(b).  ECF 8.  Plaintiff has supplemented the original motion with more complete versions of the proof of service, ECF 9 and 10, and with more detailed accountings of the interest and attorneys' fees requests, ECF 11.

   II.   <u>Discussion</u>

      A.  <u>Service Issues</u>

Before addressing the legal merits of Plaintiff's motion, I must first address why I believe that Plaintiff has successfully served the Defendants.  This is necessary here because the Proof of Service filed by Plaintiff, along with some of the allegations underlying the history of the businesses being sued, suggest that Defendants may harbor a belief that they have avoided service

by ignoring this action. It is therefore appropriate to address why I am persuaded service was legally sufficient.

Plaintiff hired a Pennsylvania State Constable to serve Defendants at their principal place of business at 100 N. Conahan Dr., Hazelton, PA 18201.  This address corresponds with the address that Defendants provided on the original contracts at issue, the statements maintained in Plaintiff's invoicing system, and the address listed for the entities with the Pennsylvania Secretary of State.  According to the Proof of Service forms and attachments sworn under penalty of perjury by the constable, the constable arrived at the address where he noted several signs publicly referring to "DeAngelo Brothers, Inc." ECF 9, 10.  Pictures of those signs were also attached to the Proof of Service forms.   When he went to the corporate offices at the location and identified his purpose, he spoke to three separate individuals who told him that the location was now occupied by "DeAngelo Contracting Services," and that they could not accept service for the DeAngelo Brothers.  The third person he spoke to was identified as in-house counsel for the business.  The constable asked the person identified as in-house counsel what happened to DeAngelo Brothers and received the following report: "He stated that DeAngelo Brothers, Inc and DeAngelo Brothers, LLC were owned by two brothers and that they sold the businesses to an Equities firm and that the Equities firm 'messed up the business.'  Then the Equity firm sold the business back to one of the DeAngelo brothers. That was when the new business was formed, DeAngelo Contracting Services."  Even though the person identified as in-house counsel refused to accept the Summons and Complaint, the constable left it with him there on a counter.  Following this personal service, Plaintiff then sent copies of the Summons and Complaint to out-of-state entities it had identified as members of the LLC.

3

Plaintiff, anticipating that DeAngelo Brothers Inc. and DeAngelo Brothers LLC might claim to be defunct entities, review the history of these entities in a section of the Complaint. Compl. ¶¶ 26-34.  That history alleges that sometime in 2016, the DeAngelo Family sold all or part of the business, Compl. ¶ 29, and that in or around October 2021, "DeAngelo Brothers abruptly discontinued its operations (at least temporarily), laid off employees, and purportedly wound down its business affairs," Compl. ¶ 31.  The Complaint includes a footnote linking to several news articles from November 2021, which relate how the DeAngelo Family was using DeAngelo Construction Services as a vehicle to purchase "DBi" (or "DBi Services"), a business the family had previously sold in 2016, which then shut down in October 2021. Compl. ¶ 26 n.1.[1]

At this juncture, the only relevant question is whether Plaintiff's have effected service against the Defendants under the Federal Rules of Civil Procedure.  Plaintiff may serve a corporation or limited liability company either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Rule 4(h)(1)(B), or by following Pennsylvania state service law, Rule 4(h)(1)(A) (incorporating Rule 4(e)(1)).  The Pennsylvania Rules of Civil Procedure permit service permit service on "corporations and similar entities," such as an LLC,[2] by service upon "(1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business

---

[1] The news articles include WNEP News, "Hazelton Company Buys DBi Assets, Takes on Employees" (Nov. 2, 2021), https://www.wnep.com/article/news/local/luzerne-county/hazleton-company-buys-dbiassets-takes-on-employees/523-f7e1d5e1-d883-438d-9769-208bc5b4c12c;  The Standard Speaker, "DeAngelo Family Aiming to Purchase DBi Services" (Nov. 4, 2021), https://www.standardspeaker.com/news/business/deangelo-family-aiming-to-purchase-dbiservices/article_2dbbc328-e88c-50b8-91ef-36ed71c882ab.html.

[2] Pa. Rule 424 addresses service rules for "Corporations and Similar Entities."  Pa. Rule 2176 defines "corporation or similar entity" to include limited liability companies.

or activity of the corporation or similar entity."[3] If those entities are out of state, service may be made by mail, return receipt required. Pa. Rule 404 (incorporating Pa. Rule 403).  I find that Plaintiff has successfully served Defendants by both methods, independently.

First, I conclude that the individual identified as in-house counsel at DeAngelo Contracting Services was, despite his protestations, "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" pursuant to Rule 4(h)(1)(B). Specifically, that individual, who was working at the main office building at a location both physically identified as DeAngelo Brothers and identified by the Pennsylvania Secretary of State as the address of DeAngelo Brothers, indicated that DeAngelo Contracting Services was a legal successor to DeAngelo Brothers after having purchased the company from a private equity company.  This is a sufficient evidentiary basis to conclude that the individual was an "officer, a managing or general agent" capable of accepting service on behalf of DeAngelo Brothers.

Second, I conclude that Plaintiff also accomplished service by mail upon "an executive officer, partner or trustee" of DeAngelo Brothers LLC by mailing the required pleadings, with signed receipts, to the addresses listed with the Delaware Secretary of State for the Delaware entities identified as members of the LLC: DBI Holdings Inc., DBI Holdings LLC, and DBI Fund Holdings LLC. Ex. 1 to ECF 7.

B. The Sufficiency of Plaintiff's Legal Claim and Supporting Allegations

"When a defendant fails to appear … , the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred." *Anchorage Assocs. v.*

---

[3] I note that although a Pennsylvania State Constable is a public official, unlike a sheriff they are not authorized, except in specific circumstances not relevant here, to service original process as required under Pa. Rule 400(a).  *See Johnson v. Allgeier,* 2004 PA Super 229, 852 A.2d 1235 (2004).  Therefore, to the extent service was effected by the constable's personal delivery of the summons, it could only have been properly effected pursuant to the federal rule, Rule 4(h)(1)(B), and not by the state rule.

*Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10A Fed. Prac. & Proc. Civ. § 2688 (2d ed.)). It therefore remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Int'l Union of Operating Engineers v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015) (citing 10A Fed. Prac. & Proc. Civ. § 2688 (4th ed.)).

Plaintiff has sufficiently alleged a breach of contract claim against the Defendants. Under Pennsylvania law, "[i]t is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). Plaintiff has pleaded and attached to the Complaint a valid contract. Plaintiff has also pleaded and attached a statement of account that indicates $810,903.52 in charges arising under the contract, and has pleaded that Defendants failed to pay this amount. This would constitute a breach in that the contract requires payment within five days of receipt of invoice.[4] And, finally, Plaintiff's $810,903.52 in unpaid monies owed would qualify as damages flowing from Defendants' breach.

---

[4] As discussed above, the Complaint names both DeAngelo Brothers Inc. and DeAngelo Brothers LLC as Defendants. The original contract and addendum from 2002 and 2011 were executed in the name of DeAngelo Brothers Inc. Ex. 1 to Complaint, ECF 1. The 2017 addendum was executed in the name of DeAngelo Brothers LLC. *Id.* According to the Complaint, and public records maintained by the Pennsylvania Secretary of State, of which the Court takes judicial notice, the incorporated entity appears to have merged into the limited liability company in 2014. Compl. ¶ 7. The Complaint alleges that DeAngelo Brothers LLC is still listed as an active entity by the Secretary of State, Compl. ¶ 8, and that it "continues to operate its business and remains a going concern," Compl. ¶ 34. Notably, Plaintiff alleges that it is not aware of any formal efforts undertaken by Defendants to wind down their affairs or terminate the contract, whether by notice or by bankruptcy. Compl. ¶¶ 32, 33. Therefore, regardless of Defendants' present

C. The Determination to Grant Default Judgment

In addition to ascertaining that Plaintiff's Complaint constitutes a legitimate cause of action, I must also exercise my discretion in deciding whether it is appropriate to grant default judgment against the Defendants pursuant to Rule 55(b) for failing to answer the Complaint. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). In exercising its discretion, the Court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

After analyzing these three factors here, I conclude that default judgment is appropriate. First, Defendants owe significant sums to Plaintiff and have not appeared in Court to answer the Complaint or respond to this motion. Any delay in adjudication will necessarily prejudice Plaintiff's right to the monies owed, particularly when there is no indication, despite adequate notice, that they intend to defend against these proceedings. Second, it is not obvious that Defendants have a litigable defense. Defendants have received Plaintiff's services valued at $810,903.52 pursuant to a contract and have failed to pay. No legal or equitable defense appears following review of the Complaint. For the third factor, Defendants have neither engaged in this litigation process nor offered any reason for their failure to appear. Defendants' in-house counsel was served at Defendants' address on March 14, 2022, by a Pennsylvania State Constable. ECF 9 (DeAngelo Brothers LLC); ECF 10 (DeAngelo Brothers Inc.). The members of DeAngelo Brothers LLC are Delaware-based corporate entities, and they were served by United States

---

ownership structures or business interruptions related to restructurings, I am satisfied that the Defendants are properly named as parties to the relevant contracts; that they remain active business concerns according to the Pennsylvania Secretary of State's records; and that there is no record that their legal status has changed in a way that would affect Plaintiff's rights under the contracts.

Certified Mail by March 21, 2022, pursuant to means found in the Pennsylvania Rules of Civil Procedure for out-of-state parties. Ex. 1 to ECF 7. Having reviewed the filings, I am satisfied that the Defendants were properly served more than two months ago, and the lack of a response to the Complaint or this motion is fairly attributable to Defendants' own conduct.

### D. The Calculation of Damages

Finally, in awarding damages on a default judgment where the defendant has failed to answer or appear, I may not simply take the factual allegations regarding damages in the complaint as true. *Comdyne I, Inc.*, 908 F.2d at 1149. "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). Whether the evidence contained in affidavits and documents in the record is sufficient to establish damages or whether a hearing, investigation, or other form of account is necessary is a matter of discretion for the Court. Fed. R. Civ. P. 55(b).

Plaintiff has submitted documentary evidence through the Complaint itself, ECF 1, an affidavit attached to the motion for default judgment in support of their claims for damages, Ex. 1 to ECF 8, and a supplemental affidavit, Ex. 1 to ECF 11. They request the following sums in damages:

| | |
|---|---:|
| Outstanding Invoices | $810,903.52 |
| Attorneys' Fees Incurred to Date | $13,585.00 |
| Complaint Filing Cost | $402.00 |
| Service of Process Cost | $525.00 |
| Contractual Late Charges | $72,572.52 |
| **Total** | **$897,988.04** |

The first item for outstanding invoices is sufficiently established by the "Statement of Account," attached to the Complaint as Exhibit 2, which summarizes a list of invoices and totals

them up. Plaintiff's affidavit included with the motion affirms that the Statement reflects a list of the outstanding invoices. Siebert Affidavit ¶ 13, ECF 8. The contracts also entitle Plaintiff to 1.5% late fee charges on the monies owed, assessable monthly. *See* Ex. 1 to Compl. (Original Agreement ¶ 2(d); First Addendum ¶ 2(d); Second Addendum ¶ 2(d)). Plaintiff's supplemental filing includes a table documenting how many interest assessments have been made on the relevant invoices and the total of those assessments to ground their request for $72,572.52 in additional interest fees. Joyce Affidavit ¶ 14, ECF 11.

Plaintiff also requests attorneys' fees and costs. The contracts and addenda do not provide Plaintiff with the right to recover costs for the action, but Rule 54(c)(1) provides for the provision of costs other than attorneys' fees to the prevailing party, and I find the costs requested are appropriate here. With respect to attorneys' fees, I find that the agreements provide that Defendants must indemnify the Plaintiff for the attorneys' fees required to prosecute this action. *See* Ex. 1 to Compl. (Original Agreement ¶ 2(d); First Addendum ¶ 2(d); Second Addendum ¶ 2(d)). Plaintiff's supplemental filing includes a description of the attorneys' rates, work done, and invoices to justify a request of $13,585.00 in attorneys' fees. Joyce Affidavit ¶¶ 3-12. I conclude that this fee request is reasonable for the present action and sufficiently documented, so I will grant Plaintiff's request as to costs and fees.

### III. Conclusion

For these reasons, Plaintiff's motion for default judgment will be granted in full.

                                               /s/ Gerald Austin McHugh
                                               United States District Judge