IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORPORATE LODGING CONSULTANTS, INC.,** | : | |
| | : | |
| | : | **CIVIL ACTION NO. 22-726** |
| v. | : | |
| | : | |
| **DeANGELO BROTHERS, INC.,** *et al.* | : | |

| | |
|---|---|
| **McHUGH, J.** | **SEPTEMEBER 14, 2023** |

**MEMORANDUM**

Plaintiff Corporate Lodging Consultants has obtained an entry of default by the Clerk of the Court against Defendants DBI Holding, LLC and DBI Holdings, LLC. It now moves the Court for a default judgment against these Defendants, pursuant to Rule 55(b), for failing to appear or answer the Amended Complaint served on them three months ago. I conclude that Plaintiff has properly served these Defendants under the Federal Rules of Civil Procedure, adequately alleged unjust enrichment by these Defendants, and sufficiently supported its requested damages. I will therefore grant Plaintiff's motion for default judgment.

**I.     Background**

The relevant background of this case is laid out in my memorandum and order granting Plaintiff's motion for default judgment against Defendants DeAngelo Brothers, LLC and DeAngelo Brothers, Inc. on May 17, 2022. ECF 12–13. For present purposes, I will review only the essential facts and relevant updates since that order.

Plaintiff Corporate Lodging Consultants ("CLC") offers travel services as an intermediary between business clients and lodging providers like hotels. Amend. Compl. ¶¶ 2–3, ECF 23. In 2002, DeAngelo Brothers, an infrastructure maintenance company, contracted with CLC to receive and pay for its lodging services on an ongoing basis. Amend. Compl. ¶¶ 15–18. Their agreement

continued without issue for nearly two decades, until DeAngelo Brothers ceased paying for CLC's services from August 2021 to January 2022, incurring $810,903.52 in outstanding invoices. Amend. Compl. ¶¶ 22–24, 26. CLC's contract also required DeAngelo Brothers to pay 1.5% monthly late fee assessments and attorneys' fees for actions to recover the unpaid amounts. *See* Ex. 1 to Compl. (Original Agreement ¶ 2(d); First Addendum ¶ 2(d); Second Addendum ¶ 2(d)).

On February 25, 2022, Plaintiff filed its original Complaint against DeAngelo Brothers, Inc. and DeAngelo Brothers, LLC (the "DeAngelo Brothers Defendants") for breach of contract and unjust enrichment. ECF 1. The DeAngelo Brothers Defendants failed to appear or answer, and I granted Plaintiff's motion for default judgment against these Defendants on May 17, 2022. ECF 12-13.

Through its ensuing efforts to recover the judgment amount, Plaintiff discovered two bank accounts, which Plaintiff has reason to believe are directly controlled by the DeAngelo Brothers Defendants. Plaintiff's Brief at 3, ECF 31. These accounts are held by DBI Holding, LLC and DBI Holdings, LLC (the "DBI Defendants"). Plaintiff therefore amended its complaint on June 5, 2023, adding the DBI Defendants to the unjust enrichment claim and alleging their connection to the DeAngelo Brothers Defendants.

Plaintiff effected service of the Amended Complaint on DBI Holding and DBI Holdings at their respective, registered addresses in Wilmington, DE and Harrisburg, PA in June 2023. ECF 26-27. Like the DeAngelo Brothers Defendants, the DBI Defendants failed to answer or appear. On July 10, 2023, the Clerk of Court entered defaults against the DBI Defendants at Plaintiff's request, and Plaintiff now seeks a default judgment from this Court against these Defendants. ECF 30–31.

**II.      Discussion**

A. Service Issues

In my memorandum and order granting Plaintiff's previous motion for default judgment, I found that Plaintiff properly served the DeAngelo Brothers Defendants despite the Defendants' apparent belief to the contrary. ECF 13, 12 at 2-5. I likewise find that the DBI Defendants were properly served the summons and Amended Complaint.

Plaintiff may serve a limited liability company either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Rule 4(h)(1)(B), or by following Pennsylvania state service law, Rule 4(h)(1)(A) (incorporating Rule 4(e)(1)). The Pennsylvania Rules of Civil Procedure permit service on "corporations and similar entities," such as an LLC,[1] by service upon "(1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it." PA Rule 424.

DBI Holding, LLC and DBI Holdings, LLC were personally served through their registered agents in Wilmington, DE on June 7, 2023, and Harrisburg, PA on June 16, 2023, respectively. ECF 26-27. In-house counsel for DeAngelo Brothers, Inc. and DeAngelo Brothers, LLC was also personally served at the company's apparent headquarters in Hazleton, PA on June 13, 2023. Ex. 1, ECF 31. Service of process thus followed the Federal Rules of Civil Procedure.

---

[1] Pa. Rule 424 addresses service rules for "Corporations and Similar Entities." Pa. Rule 2176 defines "corporation or similar entity" to include limited liability companies.

3

B. <u>The Sufficiency of Plaintiff's Legal Claim and Supporting Allegations</u>

"When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10A Fed. Prac. & Proc. Civ. § 2688 (2d ed.)). The Court must then assess "whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Int'l Union of Operating Engineers v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015) (citing 10A Fed. Prac. & Proc. Civ. § 2688 (4th ed.)).

To determine if Plaintiff has sufficiently alleged unjust enrichment by the DBI Defendants, I must first consider the DBI Defendants' relationship to the DeAngelo Brothers. Although Plaintiff contracted with the DeAngelo Brothers,[2] not DBI, I am satisfied by Plaintiff's filings that the DBI Defendants appreciated and directly benefitted from the DeAngelo Brothers Defendants' conduct as alleged. The Amended Complaint alleges that, starting in 2018, "bank accounts financing and supporting the operations of DeAngelo Brothers (including a 'Main Account,' payroll account, accounts payroll account, and credit card) were controlled on paper in the name DBI Holding or DBI Holdings." Amend. Compl. ¶ 40. Plaintiff also represents, based on documents obtained through discovery, that "funds moved freely between all of the accounts held by DeAngelo Brothers, DBI Holding, and DBI Holdings." *Id.* ¶ 41. And most significantly, when asked to identify DeAngelo Brothers-related accounts, M&T Bank provided the DBI Defendants'

---

[2] The original contract and first addendum were signed by officers of "DeAngelo Brothers, Inc.," while the second addendum was signed by an officer of "DeAngelo Brothers, LLC." Ex. 1 to Compl.

4

account information.  ECF 19. As a financial institution responding to a subpoena and a disinterested third party, I give substantial weight to this evidence.  I therefore conclude that the conduct underlying Plaintiff's unjust enrichment claim applies equally to the DeAngelo Brothers Defendants and the DBI Defendants.

Having considered the Defendants' relationship, I must now determine whether Plaintiff has sufficiently alleged unjust enrichment against the DBI Defendants.  "To prevail on a claim for unjust enrichment in Pennsylvania, a plaintiff must prove: '(1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.'"  *Montgomery Cnty. v. MERSCORP Inc.*, 795 F.3d 372, 379 n.7 (3d Cir. 2015) (citing *Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. 1999)).  I find each of these elements satisfied by Plaintiff's Amended Complaint against the DBI Defendants.  Taking the facts alleged in the Amended Complaint as true, (1) Plaintiff conferred more than $810,000 in travel and lodging benefits to the DeAngelo Brothers, which the DBI Defendants equally received; (2) the DeAngelo Brothers appreciated these benefits by using them to operate their business, which the DBI Defendants equally shared in and enjoyed; and (3) despite accepting these significant benefits, neither the DeAngelo Brothers nor the DBI Defendants ever compensated Plaintiff.  Accordingly, the Amended Complaint states a legitimate cause of action against the DBI Defendants.[3]

---

[3] I conclude that the doctrine of unjust enrichment is properly applied, because CLC did not have a direct contract with the DBI Defendants, but those entities reaped a benefit from CLC's advancing funds on behalf of DeAngelo Brothers.

### C. The Determination to Grant Default Judgment

In addition to finding that the Amended Complaint states a legitimate cause of action, I must separately decide whether to grant default judgment against the DBI Defendants for failing to answer the Amended Complaint. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). A district court must consider three factors in exercising this discretion: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

After analyzing these factors, I conclude that default judgment against the DBI Defendants is appropriate. First, the DBI Defendants benefited from significant sums advanced by Plaintiff and have failed to appear in court to answer the Amended Complaint or respond to this motion. Any delay in adjudication will necessarily prejudice Plaintiff's right to the amount owed, particularly when there is no indication, despite adequate notice, that the DBI Defendants intend to join these proceedings. Second, having failed to respond, these Defendants would not seem to have a litigable defense. The DBI Defendants benefited from Plaintiff's services, valued by Plaintiff at $810,903.52, and have failed to pay compensation. No legal or equitable defense is obvious on the face of the Amended Complaint. And third, the DBI Defendants have neither engaged in this litigation process nor offered any reason for their failure to appear despite service of the Amended Complaint three months ago, as well as service of the original Complaint to DBI Holdings, LLC in March 2022. Ex. 1, ECF 8. Having reviewed the filings, I am satisfied that the DBI Defendants' failure to answer, appear, or in any way respond to the Amended Complaint or the present motion is due to their own culpable conduct.

D. <u>The Calculation of Damages</u>

Finally, in awarding damages on a default judgment where the defendants have failed to answer or appear, I may not take the factual allegations regarding damages in the complaint as true. *Comdyne I, Inc.*, 908 F.2d at 1149. "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). Whether the evidence contained in affidavits and documents in the record is sufficient to establish damages, it rests within the discretion of the Court to decide whether a hearing or further evidence is necessary. Fed. R. Civ. P. 55(b).

Because the DeAngelo Brothers' agreement with Plaintiff equally benefitted the DBI Defendants, the damages findings from my first memorandum and order granting default judgment also apply here. Plaintiff supports its damages claims through documentary evidence in the original Complaint, the Amended Complaint, and affidavits attached to the original motion for default judgment and supporting briefs. Ex. 1, ECF 8; Aff. Ex. C, ECF 11. Plaintiff requests the following sums in damages:

| | |
|---|---:|
| Outstanding Invoices | $810,903.52 |
| Late Charges | $72,572.52 |
| Attorneys' Fees | $13,585.00 |
| Complaint Filing Cost | $402.00 |
| Service of Process Cost | $525.00 |
| **Total** | **$897,988.04** |

The Outstanding Invoices amount is supported by a "Statement of Account," attached to the original Complaint as Exhibit 2, which lists and totals the DeAngelo Brothers' unpaid invoices to CLC. An affidavit included with the original motion affirms that this Statement reflects all outstanding invoices. Siebert Affidavit ¶ 13, ECF 8. The Late Charges were authorized by

7

Plaintiff's agreement with DeAngelo Brothers, entitling Plaintiff to charge monthly late fees of 1.5% on amounts owed. *See* Ex. 1 to Compl. (Original Agreement ¶ 2(d); First Addendum ¶ 2(d); Second Addendum ¶ 2(d)). Plaintiff's supplemental filing includes a table documenting how many interest assessments were made on the relevant invoices and the total of those assessments, corroborating the amount claimed. Joyce Affidavit ¶ 14, ECF 11.

Plaintiff also requests attorneys' fees and costs. The agreement with DeAngelo Brothers indemnified Plaintiff for attorneys' fees required to prosecute this action. *See* Ex. 1 to Compl. Plaintiff's supplemental filing includes a description of the attorneys' rates and the work completed to justify a total request of $13,585.00.[4] Joyce Affidavit ¶¶ 3-12. I conclude that this fee request is reasonable for the present action and sufficiently documented. Although the contracts and addenda did not entitle Plaintiff to recover costs other than attorneys' fees, Rule 54(d)(1) does so allow, and I find Plaintiff's listed costs reasonable. I will therefore grant Plaintiff's request as to costs and fees.

### III. Conclusion

For these reasons, Plaintiff's motion for default judgment will be granted in full.

/s/ Gerald Austin McHugh<br>United States District Judge

---

[4] Plaintiff asks the Court "to incorporate its prior findings on damages" against the DBI Defendants, ECF 31, but requests $1,093 less than what I approved against the DeAngelo Brothers Defendants ($896,903.04 versus $897,988.04). This discrepancy is explained by an affidavit of Plaintiff's Counsel, claiming $13,593.00 in attorneys' fees, Aff. Ex. C, ECF 11, compared to Plaintiff's brief in support of its first motion for default judgment, claiming only $12,500 in attorneys' fees, ECF 8. Both then and now, I find sufficient evidence to approve $897,988.04 in total damages.